**ASH v. TATE.**

No. 6206.

United States Court of Appeals for the District of Columbia.

Argued Oct. 4, 1934.

Decided Nov. 5, 1934.

David L. Riordan, of Washington, D. C., for appellant.

Ringgold Hart, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

The issue raised in this case is one of law rather than of fact.

It appears that the appellant owns and occupies a dwelling house known as 1412 Thirty-Third Street NW., in the city of Washington, D. C., and the appellee owns and occupies an adjoining residence fronting upon the same street and known as 1410 Thirty-Third Street NW. These are semidetached houses with a space of about 18 inches between their adjacent walls. The front wall of appellant's house extends about four feet beyond the building line. Appellee's house is built flush with the building line, having, however, a front porch extending a distance of about five feet beyond that line. There is a window built in the side wall of appellant's house substantially on a line with appellee's front porch, and permitting of a view across the porch. These facts are illustrated by a photograph of the premises attached by appellant to his bill and made part of it by reference.

The appellant complains that the appellee has obstructed the light, air, and view from his window by placing certain slatted screens at each end of the porch; these screens extending from the ceiling of the porch down to the balustrade. The screens may be raised or lowered at will, and, when lowered, they obstruct the light, air, and view which appellant would otherwise enjoy when looking from the window across appellee's porch. It appears that appellant is a semi-

invalid and that one of his principal means of recreation is to sit at this window and enjoy the view from it, but his view from the window to the south is entirely obstructed in case the slatted screens upon appellee's porch be lowered. Appellant alleged that the construction and use of the screens by appellee inflicts irreparable injury upon him in the enjoyment of his property and that appellee has refused to remove them, although frequently requested so to do. Appellant also alleges that the maintenance of the screens is contrary to a building regulation of the District of Columbia which provides that such porches shall be open from the balustrade to the roof. The appellant prays for an injunction against the maintenance and use of the slatted screens in the manner above set out.

The court dismissed appellant's case for want of merit and this appeal was then taken.

We are of the opinion that the action of the lower court was correct. It is not claimed in this case that the appellee is actuated by malice, ill will, or "spite" in the maintenance and use of the screens. Moreover, it is within common knowledge that the use of such screens is general for the purpose of adding to the owner's convenience and comfort in the use of a front porch. The appellant does not claim any express easement in behalf of his property over the property of appellee; his rights are simply those of an adjoining property owner. It is the established law in this country that, in the absence of covenant or a statute to the contrary a bill for an injunction will not lie to restrain the erection or maintenance of a structure by a landowner on his own land near the line of the adjoining landowner, even though such structure has resulted or will result in cutting off the light and air coming laterally from the land on which the structure is erected. Camfield v. United States, 167 U. S. 518, 523, 17 S. Ct. 864, 42 L. Ed. 260; Metzger v. Hochrein, 107 Wis. 267, 83 N. W. 308, 50 L. R. A. 305, 81 Am. St. Rep. 841; Letts v. Kessler, 54 Ohio St. 73, 42 N. E. 765, 40 L. R. A. 177; 1 R. C. L., p. 400, § 39. Moreover, the right to light and air does not include the right to a view or a prospect, however much this may contribute to the enjoyment of the estate; and the general rule is that no action may be maintained by one property holder against another for cutting off his view unless such right is given by statute. Tompkins v. Harwood, 24 N. J. Law, 425; Pickard v. Collins, 23 Barb. (N. Y.) 444.

In respect to the building regulation of the District set out in the bill, we are of the opinion that the provision contained therein, to wit, "Porches to be open from balustrade to roof," is not violated by the hanging of removable and adjustable slatted screens at the several ends of the porch, as was done in this case. Furthermore, the appellant, having suffered no injury to his property cognizable at law or in equity by reason of the screens, is not entitled in this case to any benefit from the regulation.

The order of the lower court is affirmed, with costs.